**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SEAN DAVID SENGENBERGER,
       *Petitioner-Appellant,*

v.

RALPH TOWNSEND, President, Idaho
Board of Corrections, State of
Idaho,
       *Respondent-Appellee.*

No. 04-35664

D.C. No.
CV-01-00578-MHW
District of Idaho,
Boise

ORDER

Filed December 12, 2006

Before: Michael Daly Hawkins, M. Margaret McKeown, and
Richard A. Paez, Circuit Judges.

---

## ORDER

The State of Idaho, as the prevailing party, has filed a bill
of costs for $301. Sean Sengenberger objects to the cost bill,
primarily on the ground of his indigency.

We previously have noted that "courts should consider the
financial resources of the plaintiff and the amount of costs in
civil rights cases." *Stanley v. Univ. of So. Calif.,* 178 F.3d
1069, 1079 (9th Cir. 1999). "Indigency is a factor that the dis-
trict court may properly consider in deciding whether to
award costs." *Id.* This same rationale applies with equal force
to habeas corpus petitioners. There is, however, a countervail-
ing consideration to be taken into account. The Antiterrorism
and Effective Death Penalty Act and the Prison Litigation
Reform Act were intended, in part, to ameliorate some of the
costs to the states in defending against the tide of habeas peti-
tions. We are concerned here, however, with costs on appeal.

19349

In habeas cases, the petitioner cannot take an appeal without obtaining a certificate of appealability (COA), which requires that such a certification may issue only upon a "substantial showing of the denial of the constitutional right" for each issue to be appealed. 28 U.S.C. § 2253(c)(2),(3). Thus, because there is a mechanism in place (the COA requirement) to monitor and preclude the taking of frivolous appeals, the award of costs is not required to discourage unmeritorious appeals.

With these principles in mind, we turn to the circumstances of this case, as we do not suggest that there is an absolute prohibition on costs in all circumstances. Sengenberger, the petitioner here, is indigent. The appeal presented substantial constitutional questions. To award costs against Sengenberger, given his financial status, would undermine the taking of meritorious appeals. The State of Idaho's bill of costs is denied.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.